**DUBLER et al. v. GILBERT.**
United States District Court

S. D. New York.
Aug. 11, 1950.

Wagner, Quillinan, Wagner & Tennant, New York City, for plaintiffs.

Max Herschaft, New York City, for defendant.

McGOHEY, District Judge.

The defendant moves (a) to dismiss for failure to state a claim upon which relief can be granted, (b) alternatively, "for a more definite statement or bill of particulars," (c) for security for costs. The plaintiffs having removed to this court an action brought in the New York Supreme Court by this defendant, move for consolidation. The defendant consents. Each party seeks to be plaintiff in the consolidated action.

Plaintiffs are residents of Wohlen, Switzerland, and defendant is a resident of New York. Defendant became plaintiffs' selling agent in 1937, and during the period 1937-1949 received shipments of merchandise from them for sale.

■ The motion to dismiss or, alternatively, for a more definite statement or bill of particulars is denied. The complaint sets out with sufficient detail the claim which the plaintiffs assert against the defendant so that the latter can responsively plead to it. It is not required to do more.[1] The detailed information which the defendant claims to need "to simplify the trial" can be obtained by appropriate use of the simple and expeditious methods provided in the Federal Rules of Civil Procedure.[2]

The motion to consolidate is granted. It is clear to me that Gilbert's claim, stated in the removed action, is a counterclaim against the plaintiffs arising out of the admitted relationship between them. Accordingly the consolidated action will be entitled as this one is, and Gilbert's complaint will be considered as setting out his counterclaim.

■ The defendant's request for security for costs is reasonable in my opinion, since the plaintiffs are residents of a foreign country. The order to be entered will provide for such security in the sum of $250.

Settle order.

1. Fed.Rules Civ.Proc., rule 8, 28 U.S.C.A.; Securities and Exchange Commission v. Timetrust, Inc., D.C.N.D.Cal., 28 F.Supp. 34, 41; 2 Moore's Federal Practice, 1649–1651, 2245 (2d ed.).

2. Fed.R.Civ.P., 16, 26–37; 2 Moore's Federal Practice 2283–84 (2d ed.).