### PARKER RUST PROOF CO. v. DETREX CORP.

Civ. No. 12315.

United States District Court
E. D. Michigan, S. D.

March 2, 1953.

Harness, Dickey & Pierce, Detroit, Mich., for plaintiff.

Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich., Paul & Paul, Philadelphia, Pa., for defendant.

THORNTON, District Judge.

The Court has before it two motions. One is a motion to dismiss filed by the defendant herein, the other is a motion to consolidate filed by the plaintiff herein. We shall discuss the motion to dismiss at the outset.

The defendant, Detrex Corporation, bases its motion to dismiss this suit on Rule 13(a) F.R.C.P., 28 U.S.C.A., claiming that the instant suit is properly the subject matter of a compulsory counterclaim in another pending suit in which Detrex, defendant here, is the plaintiff. The other suit was commenced by Detrex in the United States District Court for the District of New Jersey three days prior to the filing of the instant suit in this District. Service of process was perfected on the same day. Subsequently said New Jersey suit was removed to this District so that both cases are pending in this court. Detrex urges that Rule 13(a) is controlling. It reads as follows:

"Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its ad-

judication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

The plaintiff, Parker Rust Proof Company, in moving for consolidation relies upon Rule 42(a), which reads as follows:

"Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Both suits concern patent infringement and involve the same patents, except that the instant suit does not involve all the patents covered in the Detrex v. Parker Rust Proof suit, but all of those in the instant suit are involved in the Detrex v. Parker Rust Proof suit.

The Court has listened to the arguments of counsel in this matter, has had the benefit of a series of briefs filed by said counsel, and has given careful attention to the available law covering the rules in question.

The case of Brown v. Dubuque Fire & Marine Ins. Co., D.C., 11 F.R.D. 81, 82, cited by plaintiff is in line with the position of the plaintiff. The facts there presented, however, are so meager that one might easily infer that there was some question as to the propriety of a compulsory counterclaim—whether Rule 13(a) was in fact applicable. The Court, in referring to Rule 13(a) in that case, says:

"Attention is called to Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which requires a counterclaim under certain contingencies,"

—the inference is that such contingencies were possibly lacking in that case. Such is not the situation with which we are here met. Plaintiff here does not even suggest that the compulsory counterclaim rule is not applicable. It merely insists that the consolidation rule would be more to its liking.

 Surely, when a rule is as clearly applicable to a situation as Rule 13(a) is to the one here, it may not be ignored by the Court. The consolidation rule has application to a number of cases clearly without the confines of the compulsory counterclaim rule. If the consolidation rule may be "elected" in place of the compulsory counterclaim rule, it would render said latter rule nugatory, and we have found no indication that such election is intended. Rule 13(a) is entitled *"Compulsory Counterclaims"*. The consolidation rule is by its own terms permissive.

It is, therefore, the opinion of this Court that the subject matter of the instant suit properly belongs as a counterclaim in the Detrex v. Parker Rust Proof Company case.

The procedure suggested in the case of Dubler v. Gilbert, D.C., 10 F.R.D. 530 may be adopted so that the complaint and amended complaint herein may be considered as setting out a counterclaim in the Detrex v. Parker Rust Proof suit which may be consolidated with this suit for this purpose.

Settle order on notice.