**Alma HALL, Plaintiff,**

**v.**

**Henry KIEFFER, Representative of the Estate of Dennis Muehler, Decedent, Defendant.**

**Civ. No. 3151.**

United States District Court
D. North Dakota,
Southeastern Division.

March 26, 1956.

Cupler, Tenneson, Serkland & Leahy, Fargo, N. D., and Johanson, Winter & Lundquist, Wheaton, Minn., for plaintiff.

Quentin N. Burdick, Fargo, N. D., for defendant.

---

86

DAVIES, District Judge.

This is a negligence action to recover damages for personal injuries and property damage arising from a motor vehicle collision which occurred August 23, 1954, upon U. S. Highway No. 81 about seven miles south of Wahpeton, N. D.

In his Answer to the plaintiff's Complaint, the defendant made a qualified general denial and alleged as affirmative defenses that the plaintiff was contributorily negligent, and that this action was barred because the subject thereof should have been, but was not, asserted as a compulsory counterclaim in a prior pending action by the defendant against the plaintiff for damages to and wrongful death of the decedent caused in the same collision. The prior action was started in a North Dakota state court in July 1955, and on petition of the plaintiff, Alma Hall, was removed to this court (Civil 3152) after commencement of the present action.

The matter came before the Court upon the defendant's Motion to Dismiss this action pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that it was barred under Rule 13(a) by the plaintiff's failure to assert her claim as a compulsory counterclaim in the other action.

The question here presented is whether Rule 13(a) requires that opposing claims arising from the same transaction or occurrence be asserted in one action commenced first in state court and removed to federal court after the adverse party has commenced a later separate action in federal court.

It is the opinion of this Court that the Rule has no such requirement and that the present action can be maintained in this Court. Rule 13(a) provides:

"*Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, *except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action.*" (Emphasis added.)

Opposing claims arising from a motor vehicle collision, one for wrongful death and the other for personal injuries, would ordinarily be subject to the compulsory counterclaim Rule, being parts of the same occurrence. Sinkbeil v. Handler, D.C.Neb.1946, 7 F.R.D. 92. But the Rule expressly provides for an exception in the event the claim is the subject of another pending action. And this exception eliminates the counterclaim requirement for both parties where, as here, the opposing party has started a state court action which was not removed to federal court before the other party commenced the federal action. 3 Moore, Federal Practice (2d Ed. 1948), Sec. 13.14(2), pp. 37–38. The defendant did not have to counterclaim in the federal action because his claim was already pending in the state court. And the plaintiff did not have to counterclaim in the pending action because that was not an action as to which federal Rule 13(a) was applicable.[1]

Of course, if the pending action had been removed to federal court before commencement of the present action, the plaintiff would be bound by Rule 13(a) to counterclaim in the first action. Cf. 3 Moore, Federal Practice (2d Ed.1948), 38 n 9a. But if for any reason that were not feasible, the two

1. Rule 81(c), first sentence: "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure *after removal.*" (Emphasis added.)

actions could be consolidated so as to make the plaintiff's Complaint in effect a counterclaim. Parker Rust Proof Co. v. Detrex Corp., D.C.Mich.1953, 14 F.R. D. 173. However, the pending state action not having been removed to federal court until after commencement of the plaintiff's federal action, the plaintiff did not waive her claim by failing to assert it as a compulsory counterclaim.

Defendant's Motion to Dismiss will be denied.

It is so ordered.