EMETERIO CUADRADO MESTRE and his wife ERNESTA POMALES, Plaintiffs and Appellants, *v.* URSULA GARCÍA RAMÍREZ, Defendant and Appellee; THE CONJUGAL PARTNERSHIP composed of PEDRO REYES VARGAS and URSULA GARCÍA RAMÍREZ, Plaintiffs and Appellees, *v.* EMETERIO CUADRADO MESTRE, Defendant and Appellant.

No. R-68-304.        Decided June 16, 1970.

*F. Rádinson Pérez* for appellants. *Rafael S. Fuentes Rivera* for appellees.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Emeterio Cuadrado was driving his automobile along Jesús T. Piñeiro Avenue towards Guaynabo. While approach-

ing a parking area at the center of the avenue he slackened the speed to enter the same and at that very moment he was hit in the rear part by a vehicle driven by Ursula García Ramírez. The trial judge concluded that "before slackening the speed and when he was ready to enter the parking place, Cuadrado Mestre turned on the signal lights showing that he intended to turn to the left and he put his hand out. . . ." He also concluded that "the accident in this case was due to the fault and negligence of Ursula García Ramírez. Said fault and negligence consisted in failing to keep the proper distance between the automobile she was driving, and in controlling the speed in such a way that she could face the possibility of a deceleration or complete halt by the automobile in front of her."

Let's see which is the problem raised by the present appeal.

Cuadrado and his wife Ernesta Pomales filed a complaint against Ursula García. The conjugal partnership composed of Ursula and her husband Pedro Reyes Vargas filed a separate complaint against Cuadrado. The dismissal of the complaint filed by the Cuadrado-Pomales was requested and the request was denied. The dismissal of the action filed by the spouses Pedro Reyes Vargas and Ursula García Ramírez was also requested, on the ground that their action should have been object of counterclaim in the action filed by the Cuadrados. The judge dismissed the complaint, but on reconsideration he restored it and it is then that he ordered the consolidation of both actions. An answer was never filed in this suit. On the aforestated grounds the trial judge dismissed the complaint filed by the conjugal partnership composed of Pedro Reyes and Ursula. But despite the fact that he concluded that Ursula had been negligent he dismissed the complaint filed by Cuadrado and his wife on the ground that Ursula being a married woman the complaint should have been filed against

the conjugal partnership. Cuadrado and his wife requested the review of this judgment. We consented thereto.

We must consider the question raised herein taking into consideration the provisions of the first rule of the Rules of Civil Procedure of 1958. It provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

█ Formerly we stated that Cuadrado and his wife filed a complaint against Ursula. In a separate action the conjugal partnership constituted by Ursula and her husband filed a complaint against Cuadrado. Since the claim of the conjugal partnership composed of Ursula and her husband arose from the same transaction or event, it was proper, pursuant to Rule 11.1 of the Rules of Civil Procedure of 1958,[1] to file its counterclaim within the action filed by Cuadrado. *Sastre* v. *Cabrera*, 75 P.R.R. 1 (1953). Rule 11.1 shall be construed jointly with Rule 38.1[2] which allows the consolidation of actions involving a common question of law and fact. *Prudential Ins. Co.* v. *Saxe*, 134 F.2d 16 (C.A.D.C. 1943).

█ Ordinarily the consolidation of two actions does not have the effect that the parties and pleadings in one action automatically become the parties and pleadings in the other

---

[1] Rule 11.1 provides thus:

"11.1. Compulsory counterclaims

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

[2] Rule 38.1 provides thus:

"38.1. Consolidation

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

action, 5 Moore, Federal Practice & Procedure, § 42.02 (1969). But it being provided by Rule 11.1 that counterclaim may be pleaded "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," if the complaint in one of the consolidated actions refers in fact to the subject matter which should have been pleaded as counterclaim, the consolidation has the effect of merging the two actions in only one, the parties and pleadings of one action becoming the parties and pleadings of the other. *Dubler* v. *Gilbert*, 10 F.R.D. 530 (U.S.D.C.S.D.N.Y. 1950); *Parker Rust Proof Co.* v. *Detrex Corp.*, 14 F.R.D. 173 (U.S.D.C.E.D. Mich. 1953).

In consolidating the two actions in the case at bar the complaint of the conjugal partnership of Ursula and her husband against Cuadrado becomes, to all effects, a counterclaim to the complaint filed by the latter and his wife. And their complaint in the action filed by them should be considered as directed against the counterclaimant.

In view of the foregoing, it is proper to reverse that part of the judgment which dismissed the complaint of Cuadrado and his wife. Now it is proper to determine the question of the damages suffered by Cuadrado. The trial judge determined that he spent the sum of $100 in physicians and medicines and that the reparation of the automobile was worth $265. He also concluded that "the plaintiff lost consciousness momentarily and that he had to be assisted to alight from the automobile, and he was taken to a physician's office nearby. He got bruises on the neck and back and he was barred from taking care of his business for a period of four days. The pains in the neck and the back lasted for approximately from six to seven months." A compensation of $2,000 is reasonable.

Judgment will be rendered accordingly.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martínez Muñoz did not participate herein.