**WHITE MOTOR CORPORATION and White Farm Equipment Company, Plaintiffs,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, LOCAL UNION NO. 932, et al., Defendants.**

No. 73 Civ. 3898.

United States District Court, S. D. New York.

Oct. 15, 1973.

Reavis & McGrath, New York City (Lawrence W. Boes, New York City, of counsel), Jones, Day, Cockley & Reavis, Cleveland, Ohio (Frank C. Heath, Cleveland, Ohio, of counsel), for plaintiffs.

John A. Fillion, M. Jay Whitman, Charles Looman, Detroit, Mich. (Charles Looman, Detroit, Mich., of counsel), Max Bluestone, New York City, for defendants.

METZNER, District Judge.

Plaintiffs White Motor Corporation and White Farm Equipment Company (hereinafter referred to collectively as White), have moved this court for an order staying proceedings initiated by defendant international and local unions (hereinafter referred to as UAW) before the United States District Court for the District of Minnesota. Defendants have cross-moved for an order staying the instant action pending the deter-

mination of the Minnesota action, or, in the alternative, for an order transferring this action to Minnesota.

This action arises out of a dispute between White and the UAW concerning a pension plan contained in a collective bargaining agreement covering White's employees at two of its Minnesota plants. White Motor is an Ohio corporation and White Farm is a Delaware corporation. The UAW filed suit against White in the state court of Minnesota seeking an order compelling White to arbitrate the dispute. White removed the action to the District Court in Minnesota on the basis that the action was within the original jurisdiction of the district courts under Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185. On August 14, 1972, an order was entered compelling arbitration of the pension disputes.

An arbitration hearing was held in March 1973 in the Minneapolis area before an arbitrator mutually agreed upon by the parties. The arbitrator happens to live in New York. On August 30, 1973, the arbitrator issued an award in which he sustained the UAW's position concerning the pension disputes. Thereafter White indicated that it would not honor the award in part. On September 10, 1973, the UAW instituted a plenary suit under Section 301(a) of the LMRA against White in the District Court of Minnesota seeking to enforce the arbitration award.

Section 301(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Service of process was made on White on September 11, 1973, and the action was assigned to the same judge who had heard and decided the earlier suit to compel arbitration. Nowhere in its complaint did the UAW invoke the provisions of the United States Arbitration Act (Arbitration Act), 9 U.S.C. §§ 1, et seq.

Meanwhile, on September 11, 1973, White filed a petition in this court under the Arbitration Act and the LMRA seeking to vacate in part the August 30 arbitration award. Section 10 of the Arbitration Act provides that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." The award under attack was rendered by the arbitrator in New York.

The question for decision is whether White and the UAW were obligated by the jurisdiction and venue provisions of the Arbitration Act to institute their respective actions to enforce and vacate the arbitration award solely in this district. I conclude that neither White nor the UAW were compelled to file suit in this district.

The Supreme Court has held that a party to a collective bargaining agreement may sue in federal court pursuant to Section 301 of the LMRA to specifically enforce a promise to arbitrate. Textile Workers of America v. Lincoln Mills of Alabama, 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). In reaching this decision the Court made no mention of the Arbitration Act.

In the wake of Lincoln Mills, the Court also held that a suit may be maintained by a party to a collective bargaining agreement under Section 301 to enforce the award of an arbitrator. General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Company, 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed. 2d 918 (1963); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, n.1, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Court again made no mention of the Arbitration Act. To round out its power to afford relief in agreements to arbi-

trate, it is obvious that the court also possesses the power to vacate or modify an arbitration award under Section 301.

 The UAW properly commenced its action to enforce the arbitrator's award relying solely on Section 301, and the District of Minnesota was the proper forum for that action. Section 301(c) lays venue in such an action:

"(1) in the district in which such [labor] organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

The four local unions of the UAW involved in this action all have their headquarters in Minnesota, and the UAW is an organization whose agents represent employees of White working at its two Minnesota plants.

White could have instituted its present action to vacate the arbitrator's award by suing the UAW in the District of Minnesota under Section 301. It could also file a counterclaim in the UAW Minnesota action in which its answer has not as yet been filed. Rule 13, Fed.R.Civ.P. It has taken neither of these avenues to seek relief. It adopted the alternative approach permitted by Section 10 of the Arbitration Act. I would have no trouble in sustaining such procedure if White had been the first to have sought relief. However, the proceeding in this court was instituted after the institution of the action in Minnesota.

It is clear that the claim asserted by White arises out of the transaction which is the subject matter of the UAW's action. Consequently, it is a compulsory counterclaim under Rule 13(a). To complement the power of the original court (here Minnesota) to enjoin the proceeding in this court (3 Moore, Federal Practice, ¶ 13.14[2] at 13–335; Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1202 (2d Cir. 1970)), this court also has the power to stay this proceeding. Kerotest Mfg. Co.

v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir. 1965), petition for cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966). The interests of comity and orderly judicial administration require such action. There can be no showing of convenience to White's pursuing the matter in this court since its jurisdiction rests on the fortuitous circumstance that the arbitrator, mutually agreed on by the parties to conduct the arbitration in Minnesota, happens to reside here.

Plaintiffs' motion to stay the Minnesota suit is denied. Defendants' cross-motion to stay the action in this court is granted.

So ordered.