491 F.2d 189
 85 L.R.R.M. (BNA) 2373, 73 Lab.Cas. P 14,262
 WHITE MOTOR CORPORATION and White Farm Equipment Cpmpany,
Plaintiffs-Appellants,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, et
al., Defendants-Appellees.
 No. 635, Docket 73-2548.
 United States Court of Appeals, Second Circuit.
 Argued Dec. 20, 1973.
Decided Jan. 25, 1974.
 
 Frank C. Heath, Cleveland, Ohio (James A. Rydzel, Jones, Day, Cockley & Reavis, Cleveland, Ohio, Lawrence W. Boes and Douglas P. Catalano, Reavis & McGrath, New York City, on the brief), for plaintiffs-appellants.
 Charles Looman, Detroit, Mich. (John A. Fillion, M. Jay Whitman, Detroit, Mich., and Max D. Bluestone, New York City, on the brief), for defendants-appellees.
 Before FRIENDLY, HAYS and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arises from a pension dispute between White Motor Corporation and members of the United Auto Workers in the corporation's plants in Minneapolis and Hopkins, Minnesota. On August 14, 1972 the District Court for the District of Minnesota entered an order compelling arbitration of the dispute. On August 30, 1973 the arbitrator issued an award sustaining the union's position. On September 10, 1973 the union commenced an action in the District of Minnesota under section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1970), to enforce the award. On September 11, 1973 White commenced the present action in the Southern District of New York under section 301 of the LMPA and the Arbitration Act, 9 U.S.C. 1-14 (1970), and moved for an order staying the union's suit in the Kistrict of Minnesota. The district court denied the motion and granted the union's cross-motion to stay the company's suit pending determination of the Minnesota action. We affirm.
 
 
 2
 A party to a collective bargaining agreement may sue under section 301 of the LMRA to enforce the award of an arbitrator made under the agreement. General Drivers, Warehousemen & Helpers, Local No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); see Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 453-456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); International Ass'n of Machinists and Aerospace Workers v. General Electric Co., 406 F.2d 1046, 1050 (2d Cir. 1969).
 
 
 3
 White Motor argues, however, that venue was not properly laid in the District of Minnesota. It contends that there are no specific venue provisions under the LMRA, that the venue provisions of the Arbitration Act, 9 U.S.C. 9, 10 (1970), control any general provisions under which the union's suit might have been brought, and that under the Arbitration Act only the Southern District of New York had venue of the action.[1]
 
 
 4
 We hold that section 301(a) does provide for venue for actions under the LMRA. Section 301(c)[2] of the Act delineates the circumstances under which the district court has jurisdiction over a labor organization. Section 301(a)[3] states that suits under the Act 'may be brought in any district court of the United States having jurisdiction of the parties.' We do not read the section, as appellants ask us to do, to refer to subject matter jurisdiction rather than venue.[4] Since the union elected to bring its action for enforcement of the award under section 301 instead of under the Arbitration Act, the venue provisions of the Arbitration Act would have no effect on the proper venue of the action even if we held that section 301(a) did not specifically provide for venue in section 301 suits.
 
 
 5
 Venue was properly laid in the District of Minnesota and the court below correctly declined to stay the action in Minnesota. The district court did not abuse its discretion in staying its own proceedings pending resolution of the suit in Minnesota.
 
 
 6
 Affirmed.
 
 
 
 [1]
 White Motor bases its claim that venue is proper in the Southern District of New York on the fact that the arbitrator signed and mailed the award from New York. Section 9 of the Arbitration Act provides that in the absence of a specified court for enforcement of the award, it shall be enforced in the district court 'in and for the district within which such award was made.' In view of our disposition of this case, we need not consider the union's argument that the award was not 'made' in New York simply because it was signed and mailed from New York
 
 
 [2]
 Section 301(c) reads as follows:
 'For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.' 29 U.S.C. 184(c) (1970).
 
 
 [3]
 Section 301(a) reads as follows:
 'Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.' 29 U.S.C. 185(a) (1970).
 
 
 [4]
 Appellants rely on United States v. Ets-Hokin Corp., 397 F.2d 935 (9th Cir. 1968), which held that the venue provision of the Arbitration Act controlled in an action where the plaintiff had sought to invoke the Miller Act, 40 U.S.C. 270a et seq. (1970). The court did not articulate the reasons for its decision. However, assuming that the court there was correct, we think the decision is distinguishable. The opinion refers specifically to lack of jurisdiction rather than venue. Apparently the court assumed that a party to a federal project contract may not sue under the Miller Act to vacate the award of an arbitrator. Thus jurisdiction existed only under the Arbitration Act, and the venue provisions of the Arbitration Act applied. Here the District of Minnesota did have jurisdiction under the LMRA, and thus the venue provisions of that Act should apply