406 F.Supp. 1213 (1976)
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its Local Union 1452, Plaintiffs,
v.
LaCROSSE COOLER COMPANY, a Wisconsin Corporation, Defendant.
No. 75-C-323.
United States District Court, W. D. Wisconsin.
February 5, 1976.
*1214 George F. Graf, James P. Maloney, Milwaukee, Wis., for plaintiffs.
Joseph D. Becker, LaCrosse, Wis., for defendant.

OPINION AND ORDER
JAMES E. DOYLE, District Judge.
This is a civil action to vacate or modify the award of a labor arbitrator, brought pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1337.
Plaintiffs allege that they are the bargaining representatives for certain employees of defendant at defendant's plant in LaCrosse, Wisconsin; that plaintiffs and defendant were at all material times parties to a collective bargaining agreement; that the collective bargaining agreement provides for the adjusting of grievances; that a disciplinary action against four of defendant's employees was submitted to arbitration pursuant to the agreement; and that on January 10, 1975, an arbitrator rendered an award rejecting the grievances filed on behalf of the four disciplined employees. Plaintiffs contend that the award is arbitrary, capricious, and in violation of the authority granted to the arbitrator under the collective bargaining agreement. Plaintiffs seek to have the award vacated or modified; to have defendant enjoined from any proceedings which would constitute an attempt to enforce the arbitration award; and to have the disciplined employees made whole again.
Defendant has moved to dismiss this action on the ground that the complaint fails to state a claim on which relief can be granted or to dismiss on the ground that the court lacks jurisdiction over the subject matter of the claim. In support of the first ground, defendant asserts that plaintiffs did not serve defendant with notice of their motion to vacate the arbitration award within the time period prescribed by 9 U.S.C. § 12 or within the time period prescribed in Wis.Stats. § 298.13.
Plaintiffs do not dispute defendant's assertion. They do not allege in the complaint that notice was filed within three months after the award was filed or delivered, as required under both the state and federal statutes, and they have not moved to amend their complaint to make such an allegation. They contend that the time periods are not applicable in this case, because they are suing under 29 U.S.C. § 185 and not under the Federal Arbitration Statute contained in Title 9 of the United States Code. Plaintiffs urge the court to hold that this suit, as an action upon a contract, is subject only to the six-year state statute of limitations for contract actions.
This issue was before this court in an earlier case, Teamsters Local 695 v. Madison Service Cooperative, 71-C-127. In the opinion in that case entered October 29, 1971, I held that the timely filing of notice was a statutory precondition to a suit for vacation of an arbitration award, whether the suit was brought under § 185 or under the Federal Arbitration Act. I have reviewed that decision in the light of the more recent development of the law in this field and I am persuaded that there are no recent decisions *1215 which would compel a different holding in this case.
In Textile Workers' Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the United States Supreme Court authorized the federal courts to fashion a body of law for the enforcement of collective bargaining agreements. The law was to be derived from the Labor Management Relations Act, from state law, or from other federal acts. Id., at 456-457, 77 S.Ct. 912. The federal arbitration act deals expressly and specifically with the arbitration agreements contained in collective bargaining agreements (as well as with arbitration agreements in other kinds of contracts). In fashioning a "general body of law," it is logical to look to the express provisions of that act where they may be applicable, and this is what the courts have done. See, e. g., Rhine v. Union Carbide Corp., 343 F.2d 12, 16 (6th Cir. 1965); Local 149, American Fed'n of Technical Eng's v. General Electric Co., 250 F.2d 922 (1st Cir. 1957); Hoover Motor Exp. Co. v. Teamsters Local 327, 217 F.2d 49 (6th Cir. 1954); Metal Products Local 1645 v. Torrington Co., 242 F.Supp. 813 (D.Conn.1965).
The notice provisions of the arbitration act are consistent with the purposes of the Labor Management Relations Act. "It is the policy of national labor legislation to promote the arbitral process and to give the decisions of arbitrators finality." Hill v. Aro Corporation, 275 F.Supp. 482, 486-87 (N.D.Ohio, 1967). On the other hand, the six year period of limitations urged by plaintiffs would undermine the arbitral process by depriving the awards of finality.
Plaintiffs cite the case of White Motors Corp. v. UAW, 365 F.Supp. 314 (S.D. N.Y.1973), aff'd, 491 F.2d 189 (2d Cir. 1974), for the proposition that, where a plaintiff has elected to bring its action under § 185 rather than under the Federal Arbitration Act, the provisions of the Federal Arbitration Act are inapplicable to the § 185 proceeding. In the White Motors case, an international and a local union had begun a suit against White Motors under § 185 in the United States District Court for the District of Minnesota for enforcement of an arbitration award. White filed a petition in the United States District Court for the Southern District of New York under the Federal Arbitration Act seeking to vacate in part the same arbitration award. The district court for the Southern District of New York held that the unions had commenced their suit properly in Minnesota under § 185 because § 185 provides authority for the courts to vacate or modify arbitration awards and, under § 185, venue in the District of Minnesota was proper; and that the Minnesota action, having been begun before the New York action, should take precedence in the interests of comity and judicial economy. Nowhere in the opinion did the court discuss the matter of the serving of notice.
Plaintiffs place reliance on the district court's language in the case (365 F.Supp. 314, 317), to the effect that federal courts possess power to vacate or modify arbitration awards under § 301 [29 U.S.C. § 185] as well as under the Arbitration Act. From this they reason that none of the provisions of the Arbitration Act are applicable to actions brought under § 185. This is an overly expansive reading of White Motors and one which is incompatible with the holding of Lincoln Mills case, supra.
I conclude that, by failing to comply with the statutory precondition of the timely serving of notice, plaintiffs have forfeited their right to judicial review of the arbitration award.
Accordingly, it is ordered that defendant's motion to dismiss is hereby granted.