AMERICAN FIDELITY FIRE INSURANCE COMPANY, Plaintiff

v.

CONSTRUCCIONES WERL, INC., TROPIC PLUMBING, INC.,
CONTROLLED CONCRETE PRODUCTS, INC. and VIRGIN
ISLANDS FOUNDATION FOR HOUSING AND
ECONOMIC DEVELOPMENT, Defendants

Civil No. 1973-576

District Court of the Virgin Islands

Div. of St. Croix

March 31, 1976

WILLIAM T. HOLMES, ESQ. (ELLISON & HOLMES), Christiansted, St. Croix, V.I., *for American Fidelity Fire Insurance Company*

JOHN A. ZEBEDEE, ESQ. (FEUERZEIG & ZEBEDEE), Charlotte Amalie, St. Thomas, V.I., *for Construcciones Werl, Inc.*

IRWIN J. SILVERLIGHT, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for Tropic Plumbing, Inc.*

CONTROLLED CONCRETE PRODUCTS, INC., Charlotte Amalie, St. Thomas, V.I.

DANIEL W. AMBROSE, ESQ., Charlotte Amalie, St. Thomas, V.I., *for Virgin Islands Foundation for Housing and Economic Development*

YOUNG, *District Judge*

MEMORANDUM OPINION WITH ORDER ATTACHED

On November 26, 1975, I entered an Order in the above-captioned matter which, inter alia, divided the original interpleader litigation into two separate, distinct, and independent actions: American Fidelity Fire Insurance Company v. Group I Defendants, the successor to the original interpleader action, and American Fidelity Fire Insurance Company v. Group II Defendants, a new breach of contract action. The matter presently before me for decision affects those Group II Defendants.

Two months after the November Memorandum Opinion and Order was filed, plaintiff American Fidelity Fire Insurance Company (hereinafter "AFFIC") moved this Court to suspend the granting of Construcciones Werl, Inc.'s (hereinafter "Werl") Motion to dismiss it from the interpleader action until WERL removed its Puerto Rican action to this forum. At that time, WERL also moved this Court to lift its previously imposed stay of the Puerto Rican breach of contract litigation. By Order of January 20, 1976, I granted WERL's motion and denied that of AFFIC.

No sooner had the ink dried on the aforementioned Order when WERL filed yet another motion with this Court. Relying upon Fed. R. Civ. P. 13(a), WERL petitioned for either a dismissal of the Group II breach of contract action or, in the alternative, for a stay of the same pending a determination by the Superior Court of

Puerto Rico, District of San Juan of the issues before it in Civil No. 73-6281-A. A hearing was held on February 9, 1976, at which time several facts were brought to the Court's attention.

As noted in previous Opinions dealing with this seemingly interminable controversy, the default of Quantum Development Corporation ("QUANTUM") on its construction contract formed the predicate for this litigation. Acting pursuant to the Chapter XI referee's request, AFFIC (as QUANTUM's surety) undertook to complete the "Thomasville" federally-subsidized, low-income housing project. Towards that end, it entered into several contracts with WERL regarding completion of the project's remaining stages. Completion was allegedly effectuated in June of 1973 and since that time WERL and AFFIC have been quarreling over insufficient payment v. faulty completion.

WERL "won" the initial race to the courthouse by filing suit in the Superior Court of Puerto Rico, District of San Juan, on September 11, 1963. Therein, it alleged that AFFIC owed it in excess of $80,000.00 for its part in finishing the "Thomasville" project after QUANTUM's default. Not to be outdone and remembering the parable of the tortoise and the hare, AFFIC filed its own breach of contract action in this Court on November 15, 1973, which action it later amended to sound in rule interpleader. WERL moved to dismiss AFFIC's action for failure to state a compulsory counterclaim in its own Puerto Rican suit and AFFIC cross-moved for a stay of the Puerto Rican action. I denied WERL's motion, granted AFFIC's motion, and subsequently denied WERL's motion for reconsideration. (See my Memorandum Opinions and Orders of date December 18, 1974 and February 6, 1975.) Subsequent proceedings have already been detailed, supra.

It is clear that all construction work—whether or not properly performed—was undertaken in the Virgin Islands. On the other hand, it is equally undisputed that all contracts and related documents were executed in Puerto Rico. Material witnesses are located in both jurisdictions and few are bilingual. AFFIC's counsel cannot speak Spanish and his client has had to retain another lawyer with respect to the Puerto Rican action which is docketed in a Spanish-speaking court. Inasmuch as the instant suit involves a considerable sum of money, it would be preferable to AFFIC to have the case go on here. WERL's regular retained counsel, on the other hand, although bilingual, is reluctant to conduct a trial in the English language. Accordingly, WERL has had to obtain present local counsel for the purpose of participating in all proceedings conducted in this forum. Naturally, WERL would prefer Puerto Rico as the choice of forum. Finally, it is incontrovertible that both suits raise identical issues, require the same witnesses, and involve identical factual disputes and questions of law. Given these circumstances, the narrow question requiring determination becomes: should the instant Group II action be dismissed (or stayed)?

WERL admits that Fed. R. Civ. P. 13(a) does not specifically require a dismissal or stay. Nevertheless, it argues that such a determination would be well within my discretionary powers. And it relies upon 3 Moore's Federal Practice § 13.14[2] for the proposition that *both* courts should "exercise various tools in the art of judicial administration to reach a just result while avoiding multiplicity of litigation. Such tools include removal and consolidation, dismissal or stay, transfer and consolidation, or referral to the panel on multi-district litigation." [Pages 13-334–13-335, footnotes omitted.]

■■ Unfortunately, WERL has misapplied the treatise's suggested treatment of "reactive litigation" circum-

stances. The previous quote referred to a situation where one party commenced a suit in either federal or state court *after* an earlier suit had already been filed in another *federal* court. The situation before me involves the first suit being filed in a *state* court. In such a situation, multiple litigation on the same set of facts is still permissible. [Hall v. Kieffer, 19 F.R.D. 85 (D.N.D. 1956).] Had the first court been a federal court, it would have had the power to enjoin the proceedings herein. [Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (2nd Cir. 1970).] Of course, irrespective of whatever action the Superior Court took, I retain the power to stay the present proceedings in this Court. [Kerotest Mfg. Co. v. C-O Two-Fire Equipment Co., 342 U.S. 180 (1952), Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421 (2nd Cir. 1965), cert. den. in 384 U.S. 948 (1966), and White Motor Corp. v. International Union, U.A.A. & A.I.W., No. 932, 365 F.Supp. 314 (S.D.N.Y. 1973), aff'd in 491 F.2d 189 (2nd Cir. 1974).] The real question, therefore, is whether or not I *should* exercise this power.

There is a great deal to be said in favor of the avoidance of multiple litigation. Justice, it goes without saying, involves much more than a race to the nearest favored forum. An abundance of time and wealth should not dictate the outcome of litigation. And there are enough pressing matters on court dockets to militate against needless duplication. Nevertheless, that is the way the present case has been so postured.

The contracts herein involved were executed in Puerto Rico primarily because that was the location of HUD's nearest office. True, WERL is a Puerto Rican corporation. But in this day and age of frequent travel, I find that it was HUD's situs, rather than that of WERL's, which dictated the locus contracti. Virgin Islands involvement, on the other hand, was and is much more extensive.

Local labor was employed, the project was to be constructed here, and the Virgin Islands Government has a more immediate and pressing interest in seeing adequate housing constructed for its low-income populace than Puerto Rico has in enforcing contracts entered into by one of its private citizens. Moreover, it is clear that were a choice of law problem to arise, it would be from Virgin Islands law that the solution would be sought. By themselves, these factors would argue in favor of my decision not to dismiss or stay the present proceedings in this Court.

But there is an even more important factor underlying my refusal. QUANTUM's default on the "Thomasville" project has spawned several lawsuits to date. Aside from those already litigated, several others remain pending—and one of these is the interpleader action involving the Group I Defendants. Thus far, I have been involved in all of the cases and accordingly believe that I have finally come to grasp the complicated underlying set of circumstances. Such an understanding was not acquired easily. It required frequent explanations and repetitious elucidation by counsel. And their patience in this regard is to be highly commended.

It goes without saying that I have the highest respect for the professional competence of the Judges of the Superior Court of Puerto Rico. But it seems to me that the amount of time the presiding judge would have to devote to this case merely to fill himself in on the background would be disproportionate to the actual issues involved and only delay other pressing matters on his calendar. Thus, while no principle of law forbids different judges in different jurisdictions from hearing different parts of related cases, I find it hard to believe that judicial economy and litigants' interests would not better be served by the Puerto Rican court staying its own proceedings.

■ Accordingly, while I abhor the idea that two suits —involving identical parties, witnesses, issues of fact and questions of law—may go forward simultaneously in two different jurisdictions, I strongly believe that this is the proper forum to litigate the contractual questions herein involved. I must therefore respectfully deny WERL's motion for a dismissal or stay of the proceedings in this Court.

## ORDER

In accordance with the Memorandum Opinion of even date herewith, it is

ORDERED that Construcciones Werl, Inc.'s Motion to Dismiss the instant action or, in the alternative, to stay the same shall be and is hereby DENIED.